UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-04782-SSS-SSC                     Date: December 4, 2025

Title       Patricia Surjue v. Department of Homeland Security, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:
         None Present                                               None Present

**Proceedings:**   (IN CHAMBERS) **Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Serve Properly**

     On May 27, 2025, Plaintiff Patricia Surjue, proceeding *pro se*, filed this civil rights action.  (ECF 1.)  On July 3, 2025, she filed a signed version of the complaint.  (ECF 8.)  A summons was issued on September 16, 2025.  (ECF 18.)  The operative complaint names the following defendants: (1) The Department of Homeland Security; (2) U.S. Citizenship and Immigration Services (USCIS); (3) Lory C. Torres, USCIS Field Office Director; and (4) Kristi Noem, Secretary of the Department of Homeland Security.  (ECF 8 at 1–2.)  On September 19, 2025, Plaintiff filed proof of service purporting to have served the summons and complaint.  (ECF 19.)  She filed a second proof of service on October 7, 2025, this time attaching copies of certified-mail receipts.  (ECF 20.)  Defendants have not appeared in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-04782-SSS-SSC                    Date: December 4, 2025

Title      Patricia Surjue v. Department of Homeland Security, et al.

**I**

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a defendant must be served with the summons and complaint no later than 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Absent a showing of good cause, if a defendant is not served timely, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

To serve a United States agency or a United States employee sued in his or her official capacity, service must be made upon the United States, and a copy of the summons and complaint must be sent to the agency or employee by registered or certified mail. Fed. R. Civ. P. 4(i)(2). To serve a United States employee sued in an individual capacity, regardless whether the employee is also sued in an official capacity, service must be made upon the United States and upon the employee in accordance with Rule 4(e). Fed. R. Civ. P. 4(i)(3).

With certain exceptions that do not apply here, to serve the United States, copies of the summons and of the complaint must 1) either be delivered "to the United States attorney for the district where the action is brought" or be sent by registered or certified mail to "the civil-process clerk at the United States attorney's office," and 2) be sent by registered or certified mail to "the Attorney General of the United States at Washington, D.C[.]" Fed. R. Civ. P. 4(i)(1). The Advisory Committee's notes on the 1993 amendment of Rule 4(i) explain that service to the United States Attorney's Office by certified mail "must be *specifically addressed* to the civil process clerk of the office of the U.S. Attorney." Fed. R. Civ. P. 4(i) advisory committee's note to the 1993 amendment (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04782-SSS-SSC         Date: December 4, 2025

Title   Patricia Surjue v. Department of Homeland Security, et al.

## II

Plaintiff does not appear to have served any defendant properly. Although her October 7, 2025 proof of service purported to have mailed the summons and complaint to the civil-process clerk "via certified or registered mail" on September 18, 2025 (ECF 20 at 2), the attached certified-mail receipts show that it was sent to the "U.S. Attorney's Office for the Central District of California Federal Building" (*id.* at 7–8), and there is no indication that it was "specifically addressed" to the civil-process clerk there. And although the delivery receipt indicates that the mail was received on September 22, 2025, it is not clear from the receipt who signed for it. (*Id.* at 8.) Thus, Plaintiff has not properly sent the summons and complaint by registered or certified mail to "the civil-process clerk at the United States attorney's office." *See* Fed. R. Civ. P. 4(i)(1) & advisory committee's note to the 1993 amendment.

In addition, it is not clear from the complaint whether Plaintiff meant to name Defendant Torres in her individual or official capacity. (ECF 8 at 1–2.) Although the proof of service indicates that it is for service on an "officer or employee of the United States" in "his or her official capacity," Defendant Torres is listed as a "defendant[] to be served" separately from the agency defendants with which she is affiliated. (ECF 20 at 2, 5–6.) Thus, it is not clear whether Plaintiff has attempted proper service on Torres.

Further, although certified-mail receipts were issued for mail sent to the "U.S. Attorney's Office for the Central District of California"; "Lory Torres, Field Office Director U.S. Department of Homeland Security"; "Attorney General of the United States"; "U.S. Citizenship and Immigration Services"; and "Kristi Noem Secretary U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:25-cv-04782-SSS-SSC            Date: December 4, 2025

Title   Patricia Surjue v. Department of Homeland Security, et al.

Department of Homeland Security," there are delivery receipts for only the U.S. Attorney General, the U.S. Attorney's Office, and Defendant Torres.  (*Id.* at 7–8.)

### III

Due to these deficiencies, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for Plaintiff's failure to effectuate service as required by Rule 4.  Plaintiff shall file her response to this order no later than **December 23, 2025**.

**Plaintiff is cautioned that if she fails to file a timely response to the order as directed above, the action will be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

:

Initials of Preparer   **ts**